IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID G. LEE,  )
 )
      Plaintiff, )
 )
  -vs- ) Civil Action No. 11-69J
 )
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
 )
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

     Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 16) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 12).

### I. BACKGROUND

     Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits pursuant to the Social Security Act ("Act"). On August 15, 2008, Plaintiff filed an application alleging that since June 27, 2006, he was disabled due to lower back injury and hypertension. (R. 135-141, 158, 161). Administrative Law Judge Geoffrey S. Casher held a hearing on March 4, 2010, in Altoona, Pennsylvania at which time Plaintiff, who was represented by counsel, testified and a vocational expert testified. (R. 23-57). On April 19, 2010, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act from June 27,

2006 through April 19, 2010. (R. 8-16). After exhausting his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 16). The issues are now ripe for review. I will address each issue in turn.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ ERRED IN FINDING THAT PLAINTIFF'S LEFT HIP AVULSION FRACTURE WAS NOT SEVERE**

Plaintiff's first argument is that the ALJ erred in determining that his left hip avulsion fracture was not a severe impairment. *See,* Plaintiff's Brief, pp. 5-19. Plaintiff argues that there was an x-ray taken on 2/24/2009 that shows Plaintiff had an avulsion fracture involving the left hip. (R. 421). Without more, Plaintiff suggests that this is a significant change in Plaintiff's condition. (ECF No. 13, p. 6). The mere existence of an impairment, however, does not mean the impairment is severe. According to 20 C.F.R. § 404.1521(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. Basic work activities are defined as the abilities and aptitudes necessary to do most jobs, including walking, standing, sitting, lifting, pushing, pulling, reaching,

3

carrying, or handling. *See*, 20 C.F.R. § 404.1521(b)(1). Thus, an impairment is not severe "if the evidence established a slight abnormality that has 'no more than a minimal effect on an individuals [sic] ability to work.'" *Mays v. Barnhart,* No. 02-4520, 2003 WL 22430186, *3 (3d Cir. Oct. 27, 2003), *quoting Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996), *quoting* SSR 85-28 (1985). The ALJ recognizes this finding, but does not find any evidence of record that this condition significantly limited Plaintiff's ability to do basic work activities. (R. 11). I agree.

In his brief, however, Plaintiff points to a three sentence letter from Dr. Gates. (R. 441). Therein, Dr. Gates indicates that Plaintiff has an avulsion fracture of the left hip. He also states that Plaintiff has chronic pain syndrome and an inability to ambulate consistently without pain. *Id.* Dr. Gates does not state, however, that the left hip avulsion fracture causes the inability to ambulate without pain or that it significantly limited his ability to do basic work. *Id.*

Moreover, having "obtained a disabled person parking permit" (ECF No. 13, p. 6) does not tend to show that this impairment significantly limited Plaintiff's ability to do basic work.

Finally, Plaintiff argues that Dr. Hamer's opinions were entitled to more weight and consideration then the ALJ allowed. (ECF No. 13, pp. 7-8). Dr. Hamer is Plaintiff's chiropractor. As Plaintiff acknowledges, a chiropractor is not "an acceptable medical source" in assessing a claimant's disability, and, therefore, his opinions are not entitled to controlling weight. *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R. §416.913(a) and §404.1513(a), (e). As such, this evidence must be weighed with the rest of the evidence. After a review of the record, I find that Dr. Hamer's March 3, 2010, residual functional capacity response, wherein he states that Plaintiff's ***right*** hip pain, *inter alia,* is 6/10 every day (R. 451), is internally inconsistent with his medical records from January 25-March 12, 2010, wherein Plaintiff regularly indicated a subjective complaint of pain in low back area ranging from a 3-5/10 upon arrival and improved to a 3-1/10 after his visits. (R. 462-481). In fact, on March 3, 2010, the same day that Dr. Hamer opined that Plaintiff experienced pain at a 6/10 every day, his treatment notes for that day indicate

4

Plaintiff reported pain was a 3/10 upon arrival and a 1/10 after the treatment. (R. 451, 477). An ALJ may properly discount a report/opinion if it is internally inconsistent. *See,* 20 C.F.R. § 416.927(d)(2). Therefore, I find no error by the ALJ in discounting Dr. Hamer's opinions.

Therefore, I find that the ALJ appropriately considered all evidence referenced by Plaintiff on this issue. Consequently, I find no error on the part of the ALJ in this regard.

**C.** **WHETHER THE ALJ ERRED IN HIS CONCLUSION THAT PLAINTIFF WAS NOT DISABLED WHEN CONSIDERING ALL OF HIS IMPAIRMENTS IN COMBINATION**

Plaintiff first argues that the ALJ did not consider all of the claimant's impairments when taken in combination. (ECF No. 13, pp. 9-11). The regulations provided that the ALJ must consider the impact of those medically severe impairments. 20 C.F.R. §404.1520. Since I have found no error with regard to the ALJ's finding that the left hip avulsion fracture was not severe, I find no error with the ALJ considering only the severe impairment of L3-4 and L4-5 disc bulge with radiculopathy and osteoarthritis.

Under this heading, Plaintiff also claims the ALJ failed to give consideration to Plaintiff's "constant and consistent complaints of pain." (ECF No. 13, p. 10). To the extent that Plaintiff may be arguing that the ALJ improperly discredited Plaintiff's subjective complaints of pain, I disagree. Pursuant to 20 C.F.R. 404.1529, the ALJ must consider all "symptoms, including pain," in the disability determination. Statements of pain alone are not enough to establish a disability; the claimant must also present objective medical evidence to show that the medical impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §404.1529(a). Once the ALJ has determined from the "medical signs or laboratory findings" that the claimant has an impairment which could reasonably produce the pain, then the ALJ must determine how the pain limits the claimant's capacity for work. 20 C.F.R. §404.1529(c)(1). In determining the limits on the claimant's capacity for work, the ALJ will consider evidence from the treating, examining and consulting physicians, observations from

agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

A review of the ALJ's decision makes clear that he considered the factors listed above. (R. 10-16). While assessing plaintiff's credibility and his subjective complaints, the ALJ specifically compared the medical evidence to plaintiff's complaints of pain and found them to be "not credible to the extent they are inconsistent with the" medical evidence and exaggerated. (R. at 13). It is the responsibility of the ALJ to make credibility determinations; and, thus, deference must be given to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975). After a thorough review of the record, and based on the above, I find the ALJ's determination is supported by substantial evidence and there is no error in the ALJ's decision to discredit Plaintiff's complaints of pain.

**D.    WHETHER THE ALJ ERRED IN HIS CONCLUSION THAT THE CLAIMANT COULD PERFORM LIGHT WORK**

Finally, Plaintiff submits in two sentences that the ALJ erred in finding that the claimant could perform light work. (R. 11). This argument is based on the alleged errors of the ALJ. Since I have found no errors of the ALJ, I find no error in the ALJ's conclusion that Plaintiff could perform light work.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID G. LEE, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 11-69J
)
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 23rd day of March 2012, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge